HARTFORD v. DRIVE-IN CORPORATION.

Fraud—Rescission—Accounting—Evidence.
    Evidence presented in suit to rescind franchise agreement as
    to drive-in restaurant and for an accounting *held*, not to
    have made out a case of misrepresentation or fraud entitling
    plaintiff to relief.

Appeal from Genesee; McGregor (Louis D.), J.
Submitted October 6, 1964. (Calendar No. 1, Docket
No. 50,207.) Decided January 4, 1965.

Bill by Ben Hartford, Jr., against Drive-In Corpo-
ration, Carrol's Drive-In System, Inc., a foreign cor-
poration, and Flint Candy & Tobacco Company, a
Michigan corporation, for rescission and accounting.
Bill dismissed. Plaintiff appeals. Affirmed.

*Joseph R. Joseph* (*Richard C. Fruit,* of counsel),
for plaintiff.

*Anthony J. Mansour,* for defendants.

Per Curiam. This is an appeal, taken as of right,
from a decree denying plaintiff's prayer for rescis-
sion, accounting and other relief based upon claims
of misrepresentation and fraud in the inducement.
We affirm the chancellor's decision, made on defend-

References for Points in Headnote
24 Am Jur, Fraud and Deceit § 195.

ants' motion after completion of plaintiff's proofs, no misrepresentation or fraud having been proved by plaintiff.

Plaintiff entered into a franchise agreement with defendant Carrol's Drive-In System, Inc., and took an assignment from defendant Drive-In Development Corporation of a lease covering land on which he built his drive-in restaurant. At the time the franchise agreement was executed, defendants' agents showed plaintiff brochures and other printed materials from which he alleged he was led to believe that in the operation of the franchise business he would gross at least $150,000 a year and earn a net profit of $20,000 thereon and that only $15,000 would be required to commence the business. Plaintiff testified that his investment turned out to be close to $40,000, while his gross for the 10 months during which he operated the business was well under $100,000 and, instead of earning a $20,000 profit, he suffered a loss.

We have examined the written materials which plaintiff claims were false and upon which he claims to have relied. Assuming, but only *arguendo,* that they contained representations upon which plaintiff was entitled to rely, we cannot find in the proofs any evidence of their falsity. They consisted of three sample operating statements showing what net income could be expected, normal operating expenses considered, from assumed gross annual sales of $150,000, $175,000 and $200,000. There is nothing in the record to suggest that plaintiff's net income would have been less than that hypothesized had he in fact grossed $150,000. That he did not realize gross sales during his 10 months of operation at a rate which even approached $150,000 for the year, could very well have been the result of plaintiff's own mismanagement, of which there was some evidence.

The chancellor committed no error. Affirmed. Costs may be taxed in favor of appellees.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, Smith, O'Hara, and Adams, JJ., concurred.